## DANZIG v. ABBEY.

(*City Court of New York, General Term.* November 30, 1888.)

SALE—ON CREDIT OF A THIRD PERSON—ACTION FOR PRICE—FINDING OF JURY.

Plaintiff, a dress-maker, furnished dresses to defendant, an actress, then in the employ of B., a manager. Plaintiff's agent thereafter accepted B.'s note for the amount, and gave him a bill acknowledging the receipt of the note in settlement. The note went to protest. The evidence was conflicting as to whether credit was originally given to defendant or B. The jury found for defendant. *Held*, that this implied a finding that credit was given to B., and that being so the fact that he gave the note was only material as a circumstance supporting that finding, and, the question being one of fact, a new trial was properly refused.

Appeal from trial term; EHRLICH, Judge.

Action by Nettie Danzig, a dress-maker, against Florence Gerard Abbey, an actress, for $643.64, the price of certain dresses furnished to defendant. At the time the goods were furnished defendant was an actress in the employ of one Eric Bayley, a theatrical manager, and the dresses were for use on the stage. Defendant alleged that they were furnished on the credit of Eric Bayley, and were afterwards paid for by his note, and produced in evidence a bill for the amount receipted by Isaac Bloom, plaintiff's manager, acknowledging the receipt of Bayley's note in settlement. Plaintiff offered in evidence Bayley's note, with certificate of protest attached. The jury found for defendant, and plaintiff moved for a new trial on the ground that the verdict was contrary to the law and evidence. From an order denying a new trial plaintiff appeals.

Argued before McADAM, C. J., and BROWNE, J.

*Eaton & Lewis,* for appellant.    *Olin, Rives & Montgomery,* for respondent.

McADAM, C. J. The jury having found for the defendant, we must accept as facts established by the findings: *First,* that the goods were furnished on the personal credit of Mr. Bayley, the defendant's manager; *second,* that the claim was satisfied (*sub modo*) by the acceptance of Bayley's personal note. If the credit had been given in the first instance to the defendant, the acceptance of the note of Bayley, afterwards dishonored, might not have operated as payment. As the jury found that credit was given in the first instance to Bayley, the giving of the note by him is material only as a circumstance tending to show that the debt was his, not the defendant's. If the action had been against Bayley, the giving of the note, afterwards dishonored, would not have prevented a recovery on the original cause of action against him. The plaintiff's difficulty is with the facts found, for on these findings, which are sufficiently supported by the evidence, the law cited in support of a reversal of the judgment has no application. It follows that the judgment appealed from must be affirmed, with costs.

BROWNE, J., concurs.